# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

WOODROW ANDERSON,               )
                                )
        Plaintiff,              )
                                )
        v.                      )          No. 4:12CV00886 ERW
                                )
ALYSON CAMPBELL, et al.,        )
                                )
        Defendants.             )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Woodrow Anderson (registration no. 162475) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted and plaintiff will be assessed an initial partial filing fee of $58.30. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed for lack of subject matter jurisdiction.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1)

the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period.  *See* 28 U.S.C. § 1915(b)(1).  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  *See* 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  *See* 28 U.S.C. § 1915(a)(1),(2).  A review of plaintiff's account statement indicates an average monthly deposit of $291.52, and an average monthly account balance of $9.70.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $58.30, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

3

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff, an inmate at the Farmington Correctional Center, seeks monetary and declaratory relief in this 42 U.S.C. § 1983 action against defendants Alyson Campbell (Director) and Family Support Division.   Plaintiff alleges that defendants illegally issued income withholding orders against him relative to child support payments that plaintiff claims he did not owe.   In addition, plaintiff alleges that defendants acted beyond their state statutory powers when they issued the withholding orders against him, because the statute of limitations had already expired.   Plaintiff states that he litigated this matter in state court in 2008 and in the Missouri Court of Appeals in 2011, but to no avail.[1]   He now seeks Federal Court review of the numerous alleged errors committed at the state level, as well as the return of all funds seized from him.

## Discussion

---

[1] The Court notes that plaintiff filed a substantially similar action in federal court on September 14, 2007.  *See Anderson v. Bailey,* No. 4:07-CV-1627-ERW. The action was dismissed on December 7, 2007, for lack of jurisdiction over the subject matter of the case (i.e., alimony and child support).

Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." *Id*. Thus, to the extent that plaintiff is challenging a Missouri state-court judgment, his remedies, if any, lie not in federal district court, but rather, with the Missouri state courts or the United States Supreme Court. For these reasons, the instant action will be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $58.30 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because this Court lacks subject matter jurisdiction over plaintiff's claims.

A separate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 6th day of June, 2012.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE